UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-22552-CIV-COOKE/TORRES

BLANCA GARCIA,

    Plaintiff,

vs.

SALVADORAN CUISINE, INC., a Florida Profit Corporation, BRIAN A. DIAZ, individually, and ANA D. DIAZ, individually,

    Defendants.
_____/

## JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff, Blanca Garcia and Defendants Salvadoran Cuisine, Inc., Brian A. Diaz, and Ana D. Diaz, by and through undersigned Counsel, file this Joint Motion for Approval of the Parties' Settlement Agreement, and Dismissal with Prejudice and respectfully state as follows:

1. Plaintiff filed a complaint [D.E. 1] under the Fair Labor Standards Act (FLSA) whereby Plaintiff alleged that she was not properly paid her overtime wages.

2. Defendants denied Plaintiff's claim as Defendants business did not have gross sales or business done in excess of $500,000 annually. Furthermore, Defendants contend that Plaintiff's hours were exaggerated and that Plaintiff did not work the hours she claims to have worked on a weekly basis. Lastly, Defendants contend that for approximately a 4 -5 month period of time during the relevant time period, Plaintiff was not employed by Defendants and worked as a cook in a different restaurant unaffiliated with Defendants, and therefore could not have worked any overtime for Defendants during said time period.

3. However, in order to avoid the uncertainties of litigation, and while continuing to deny any liability under the claims asserted by Plaintiff, Defendants made an economic business decision to amicably resolve this matter.

4. As the conditions of the settlement agreement are extended over a period of time, the parties request that as a condition for dismissal, the Court retain jurisdiction to enforce the terms of the settlement agreement. The effectiveness of this stipulation of dismissal is conditioned upon the Court's entry of an order retaining jurisdiction to enforce the terms of the settlement agreement reached in this case. See *Anago Franchising, Inc. v. Shaz, LLC*, 677 F. 3d 1272, 1280 (11th Cir. 2012).

## Memorandum of Law

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

In *Lynn's Food Stores, Inc.,* the employer attempted to circumvent the Department of Labor (DOL) findings as to the amount of back wages and liquidated damages owed to employees. After failing to reach a settlement, the employer attempted to offer employees a total of $1,000 to be divided among them on a pro rata basis. Fourteen employees accepted their pro rata share even though the total amount of damages exceeded $10,000. *Lynn's Food Stores, Inc.* at 1352. In

coaxing the employees to accept their pro rata share of $1,000, the employer "representative repeatedly insinuated that the employees were not really entitled to any back wages, much less the amounts calculated by the Department of Labor" and stated ""Honestly, most everyone returned the checks…"" and only the malcontents would accept wages under the FLSA. *Lynn's Food Stores, Inc.* at 1354.

The Eleventh Circuit went on to state that when an employee initiates a private cause of action, there is "some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute." *Lynn's Food Stores, Inc.* at 1354. Therefore, the Eleventh Circuit reasoned, that when a party is represented by counsel it is likely that there is a reasonable compromise and the agreement should be approved.

> Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc.,* 679 F.2d at 1354.

In the present case, Defendants contest Plaintiff's claim for the reasons outlined above. However, in order to avoid the uncertainties of litigation, Defendants made an economic business decision to amicably resolve this matter.

Therefore, based on Defendants' contestation, the amount of wages, if any, are in dispute. Therefore, "in order to promote the policy of encouraging settlement of litigation" the parties request that the Court approve the Parties settlement agreement.

It is the Parties' contention that in light of the issues in dispute, the amount received by Plaintiff in this settlement is a fair and reasonable settlement and should be approved by this Court. Had the case gone forward, it is possible that Plaintiff could have received far less, or nothing, and therefore is receiving more pursuant to the settlement agreement. Furthermore, pursuant Fed. R. Civ. Proc. 41(a)(1)(ii) the parties have submitted a proposed text of the order approving settlement and dismissal with prejudice and agree each party shall bear its own costs and attorney's fees, except as otherwise stated in the Settlement Agreement.

As the conditions of the settlement agreement are extended over a period of time, the parties request that the Court retain jurisdiction to enforce the terms of the settlement agreement. The effectiveness of this stipulation of dismissal is conditioned upon the Court's entry of an order retaining jurisdiction to enforce the terms of the settlement agreement reached in this case. See *Anago Franchising, Inc. v. Shaz, LLC*, 677 F. 3d 1272, 1280 (11th Cir. 2012).

WHEREFORE, the Parties respectfully request that the Court enter an Order: (1) approving the terms of the settlement agreement and (2) dismissing this action with prejudice against Defendants, with the Court to maintain jurisdiction to enforce the terms of the settlement agreement.

Respectfully Submitted,

Dated: 9/30/15
Remer and Georges-Pierre PLLC
Attorney for Plaintiff
44 West Flagler Street, Suite 2200
Miami, FL 33130
Tel: (305) 416-5000
Email: apetisco@rgpattorneys.com

By: /s/ *Anaeli Caridad Petisco*_____
    Anaeli Caridad Petisco, Esq.
    Florida Bar Number: 113376

Dated: 9/30/15
Daniel T. Feld P.A.
Attorney for Defendants
20801 Biscayne Blvd. Suite 403
Aventura, Florida 33180
Tel: (786) 923-5899
Email: DanielFeld.Esq@gmail.com

By: /s/ *Daniel T. Feld*_____
    Daniel T. Feld Esq.
    Florida Bar Number: 0037013